UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlos F., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary of Homeland Security; Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Marcos Charles, Acting Executive Associate Director for Enforcement and Removal Operations; Peter Berg, Field Office Director for Enforcement and Removal Operations; U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; and John Doe, Local Detention Authority, <br><br> Respondents. | No. 26-cv-0469 (SRN/EMB) <br><br><br> **ORDER GRANTING MOTION FOR RECONSIDERATION** |

Nicholas Ratkowski, Ratkowski Law PLLC, 332 Minnesota St., Ste. W1610, Saint Paul, MN 55101, for Petitioner

Matthew Isihara, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Petitioner Carlos F.'s Motion for Reconsideration [Doc. No. 10]. Carlos F. filed a Petition for Writ of Habeas Corpus (the "Petition") [Doc. No. 1] on January 20, 2026, seeking relief related to his immigration detention. At the time he filed his Petition, he was detained in Minnesota. (Pet. ¶ 10.) Subsequently, Respondents

1

transferred Carlos F. from Minnesota to Texas. (Resp'ts' Mot. to Dismiss or Transfer [Doc. No. 6] at 1.) Respondents moved to dismiss the Petition for lack of jurisdiction or to transfer venue to the "United States District Court for the District of Texas" under 28 U.S.C. § 1406(a). (*Id.*) In support of their Motion to Dismiss or Transfer, Respondents submitted the Declaration of William J. Robinson, U.S. Immigration and Customs Enforcement (ICE) Deportation Officer [Doc. No. 8]. Mr. Robinson attested that on January 26, 2026, at approximately 1:15 p.m., ICE released Carlos F. from custody in El Paso, Texas, and transferred him to the custody of the El Paso County Sheriff's Office on a criminal warrant from Minnesota. (Robinson Decl. ¶ 5.)

In light of the pending criminal proceedings against Carlos F., and the fact that Respondents represented that he was no longer in their custody, the Court found that habeas relief from his immigration detention was no longer applicable. (Feb. 12, 2026 Order [Doc. No. 9] at 2.) Accordingly, the Court denied the Petition without prejudice and denied Respondents' Motion to Dismiss or Transfer as moot. (*Id.*)

On February 16, 2026, Petitioner filed the instant Motion for Reconsideration along with his February 13, 2026 Declaration [Doc. No. 11]. In his Declaration, Carlos F. states that while he was temporarily in the custody of the El Paso County Sheriff's Office from January 26 through February 10, 2026, on February 10, he was returned to ICE custody, where he is currently held at the West Texas Detention Facility in Sierra Blanca, Texas. (Carlos F. Decl. ¶ 12.) He further states that without any explanation, he is being held in isolation, with access to only one phone call per day. (*Id.* ¶ 14.) He therefore seeks

2

reconsideration of the Court's February 12 Order, arguing that it was based on Respondents' erroneous representations. (Pet'r's Mot. for Reconsid. at 3.)

A party may receive permission for reconsideration only by showing "compelling circumstances." D. Minn. L.R. 7.1(j). Motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). The Court finds that Petitioner has established compelling circumstances that warrant granting his Motion for Reconsideration. The Court based its February 12 Order on the fact that Carlos F. was no longer in ICE custody, which appears to be incorrect or uncertain.[1]

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Motion for Reconsideration [Doc. No. 10] is **GRANTED**.

2. Respondents shall respond to Petitioner's Declaration [Doc. No. 11] **no later than February 22, 2025**, with reliable evidence regarding whether Carlos F. is currently in ICE or criminal custody, where he is currently detained, and if not in Minnesota, when he will be transported back to Minnesota. Respondents' memorandum must be supported by exhibits, as a sworn declaration alone will be insufficient.

---

[1] The Court has been unable to verify that Carlos F. is in ICE custody on the Department of Human Services (DHS) Detainee Locator website. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System* (last visited Feb. 17, 2026).

3. Petitioner may reply to Respondents' response **within five days of the filing of Respondents' response**.

4. To the extent Petitioner remains in ICE custody, he shall not be limited in the number of telephone calls to or from his legal representatives, and if time limits are necessary for such calls, they shall be no shorter than 20 minutes.

Dated: February 17, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge