UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlos F., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary of Homeland Security; Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Marcos Charles, Acting Executive Associate Director for Enforcement and Removal Operations; Peter Berg, Field Office Director for Enforcement and Removal Operations; U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; and John Doe, Local Detention Authority, <br><br> Respondents. | No. 26-cv-0469 (SRN/EMB) <br><br><br> **ORDER** |

Nicholas Ratkowski, Ratkowski Law PLLC, 332 Minnesota St., Ste. W1610, Saint Paul, MN 55101, for Petitioner

Matthew Isihara, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Federal Respondents

SUSAN RICHARD NELSON, United States District Judge

In the Court's February 25, 2026 Order to Show Cause [Doc. No. 14], it ordered Respondents to show cause why they shall not be held in contempt for violating the Court's February 17, 2026 Order [Doc. No. 13]. In the Order to Show Cause, the Court observed that Respondents had failed to respond to the Court's February 17, 2026 Order granting

1

Petitioner Carlos F.'s Motion to Reconsider [Doc. No. 10].  In the February 17, 2026 Order, the Court ordered Respondents to respond to Petitioner's Declaration [Doc. No. 11] concerning his custody no later than February 22, 2026, with reliable evidence regarding whether Carlos F. is currently in ICE or criminal custody, where he is currently detained, and if not in Minnesota, when he will be transported back to Minnesota.  (Feb. 17, 2026 Order at 3.)  The Court further ordered that Respondents' memorandum must be supported by exhibits, as a sworn declaration alone would be insufficient.  (*Id.*)

Because Respondents completely failed to respond to the February 17, 2026 Order, in the Order to Show Cause, the Court ordered a response from Respondents no later than 5:00 p.m. on February 27, 2026, and scheduled a show-cause hearing via video conference on Monday, March 2, at 9:00 a.m. CST.

Respondents filed a response to the Order to Show Cause on February 25 and 27 [Doc. Nos. 15 & 16].  Their response is woefully insufficient for several reasons.

First, Respondents filed a "Status Report and Request for Extension of Deadline" [Doc. No. 15] in which Respondents' counsel, Matthew Ishihara, apologized for his late filing, and asked the Court to "consider a declaration which we are currently preparing with the assistance of ICE."  (Resp'ts' Status Report & Extension Request [Doc. No. 15] at 1.)  Mr. Ishihara further stated that the declaration "will be available by the 27th" and will include evidence substantiating that Petitioner is not in ICE custody.  (*Id.*)   In advance of the declaration, Mr. Ishihara stated that Respondents were providing an attached DHS detention record and "Arrest Warrant."  (*Id.*)  Contrary to Mr. Ishihara's representations, Respondents filed no sworn declaration on February 27.

2

Second, as to the DHS detention record (*id.* at 3), it is heavily redacted, and fails to shed any light on where Petitioner is currently detained and under whose authority he is detained.

Third, of greater concern is the arrest warrant [Doc. No. 15-1]. This January 23, 2026 arrest warrant was issued in a sealed criminal case. The Court is taking steps to seal the document, as there is no indication that Respondents' counsel himself has contacted the Clerk's Office to correct this grave error. In any event, this document does not address Petitioner's current whereabouts or rebut his declaration concerning his custody.

Fourth, Respondents also filed a separate document on February 27, "Federal Respondents' Response to Show Cause Order," docketed as a "Notice," in which Respondents explain that their delay "was not deliberate and does not affect the underlying issue of whether Petitioner is still in ICE custody." (Resp'ts' Response [Doc. No. 16] at 2.) The response focuses on the law concerning civil contempt. (*Id.* at 2–3.)

Petitioner responded to Respondents' February 25 and 27 filings, arguing that they were insufficient, for many of the reasons the Court has identified above. (Pet'r's Response [Doc. No. 17] at 1–4.) He further states that all of his efforts to obtain a decision on the merits of his habeas petition have been thwarted by "Respondents' refusal to comply with the Court's orders[.]" (*Id.* at 4.)

The Court finds that Mr. Ishihara has failed to comply with both the February 17, 2026 Order and the February 25, 2026 Order to Show Cause. In the absence of compliance with these orders—including, at a minimum, a sworn declaration and exhibits that confirm Petitioner is in criminal custody— the contempt hearing will proceed. Respondents may

3

purge any contempt sanction and the hearing will be cancelled only when there is full compliance with the February 17, 2026 Order.

    **SO ORDERED**.

Dated: February 28, 2026                        s/Susan Richard Nelson
                                                                                   SUSAN RICHARD NELSON
                                                                                   United States District Judge