UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlos F., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary of Homeland Security; Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Marcos Charles, Acting Executive Associate Director for Enforcement and Removal Operations; Peter Berg, Field Office Director for Enforcement and Removal Operations; U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; and John Doe, Local Detention Authority, <br><br> Respondents. | No. 26-cv-0469 (SRN/EMB) <br><br><br> **ORDER** |

Nicholas Ratkowski, Ratkowski Law PLLC, 332 Minnesota St., Ste. W1610, Saint Paul, MN 55101, for Petitioner

Matthew Isihara and Joseph Teirab, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Federal Respondents

SUSAN RICHARD NELSON, United States District Judge

 Pending before the Court is the Joint Motion to Reconsider [Doc. No. 26]. The motion is granted, as set forth below.

1

I.   BACKGROUND

Carlos F., is a citizen of El Salvador and a resident of Minnesota who is subject to a deferral of removal under the Convention Against Torture ("DCAT"). (Pet. ¶¶ [Doc. NO. 1] 1–2.)

On January 20, 2026, ICE agents lured Carlos F. outside of his workplace and arrested him. (Carlos F. Decl. [Doc. No. 11] ¶ 7.) On the same day, he filed his Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1], seeking several forms of relief, including an order restraining Respondents from moving him out of state during the pendency of his Petition, and an order requiring his immediate release. (Pet. at 30–33.)

Carlos F. asserts that after his arrest, ICE briefly held him in Minnesota before transporting him to Texas on January 21, 2026. (Carlos F. Decl. ¶ 9.) ICE agents unlawfully detained him at the Camp East Montana ICE detention facility in El Paso, Texas for approximately five days. (*Id.* ¶ 8.)

On January 23, 2026, the Government filed a criminal complaint against Carlos F. in the District of Minnesota, *see* 26-mj-0066 (EMB), under seal, and requested an arrest warrant. (*See* Second Robinson Decl., Ex. 1 [Doc. No. 20-1] at 2.) Carlos F. was transferred to the El Paso County Jail in El Paso, Texas, pending transfer to the District of Minnesota for criminal proceedings. (*Id.*)

On February 6, 2026, Respondents filed their response to the Petition, moving to dismiss or transfer venue [Doc. No. 6]. They acknowledged that Carlos F. was presently in criminal custody, and they sought dismissal of the Petition or, alternatively, requested transfer of the habeas case to the Western District of Texas, on the ground that this Court

lacked personal jurisdiction. (Resp'ts' Mot. to Dismiss or Transfer at 1–2; Resp'ts' Mem. Supp. Dismissal or Transfer [Doc. No. 7] at 1–3.)

On February 12, 2026, the Court found that in light of the pending criminal proceedings and the fact that Carlos F. was no longer in Respondents' physical custody, habeas relief from his immigration detention was no longer needed. (Feb. 12, 2026 Order [Doc. No. 9] at 2.) Accordingly, the Court denied Carlos F.'s Petition without prejudice and denied as moot Respondents' Motion to Dismiss or Transfer. (*Id.*)

On February 16, 2026, Carlos F. filed a Motion for Reconsideration [Doc. No. 10], along with his Declaration. In his Declaration, he stated that although he was temporarily in the El Paso County Sheriff's Office's custody from January 26 through February 10, 2026, he was returned to ICE custody on February 10, 2026, and was being held at the West Texas Detention Facility in Sierra Blanca, Texas. (Carlos F. Decl. ¶ 12.)

The Court found that compelling circumstances warranted reconsideration, granted Petitioner's motion, and reopened the case. (Feb. 17, 2026 Order [Doc. No. 13] at 3–4.) The Court ordered Respondents to respond to Carlos F.'s Declaration no later than February 22, 2026, with reliable evidence concerning whether he was in ICE or criminal custody, where he was currently detained, and if not in Minnesota, when he would be transported back to Minnesota. (*Id.* at 3.)

Respondents failed to timely respond. Weeks later, after additional court orders, and following a hearing at which the Court ordered the Respondents to show cause why they should not be held in contempt of court for failing to comply with the Court's orders,

3

Respondents confirmed that Carlos F. was in criminal custody in Texas, where he had been held since approximately January 26 or 27, 2026. (Status Update [Doc. No. 23].)

In support of Respondents' position, they also submitted an exhibit captioned "DHS Homeland Security Investigations' Report of Investigation" ("Report") [Doc. No. 20-1]. The Report confirmed that agents executed the Minnesota criminal arrest warrant on January 26, 2026 in Texas, that Carlos F. was booked into the El Paso County Jail, and that he would be transferred to Minnesota after initial criminal proceedings in the Western District of Texas. (Report at 2.) The Report further noted that Carlos F. waived an identity hearing in the Western District of Texas, and concluded, "The case is now closed." (*Id.*)

The Court found that because Carlos F. was no longer in Respondents' custody, habeas relief from immigration detention was no longer necessary. (March 4, 2026 Order [Doc. No. 25].) Moreover, in the criminal case, 26-mj-0066 (EMB), because more than 30 days had elapsed from the time of the filing of the criminal complaint and Carlos F.'s arrest, and the Government failed to file an information or indictment in that time, as required by the Speedy Trial Act, 18 U.S.C. § 3161(b), the Government moved to dismiss the criminal case under Federal Rule of Civil Procedure 48. (26-mj-0066 (EMB) at Doc. No. 11.) Magistrate Judge Elsa Bullard dismissed it under 18 U.S.C. § 3161(b), denied the Government's motion as moot, and ordered that Carlos F. be released from custody. (26-mj-0066 (EMB) at Doc. No. 13.)

In the habeas action, counsel for Respondents, Matthew Isihara, further confirmed that "there is no detainer that will require Petitioner to be returned to the custody of the Department of Homeland Security following the conclusion of his criminal matter."

4

(Resp'ts' Response to OSC [Doc. No. 16] at 1.)  Likewise, ICE Deportation Officer William Robinson submitted a declaration in which he attested that "Databases do not currently indicate any active detainer from [U.S. Enforcement and Removal Operations]." (Second Robinson Decl. [Doc. No. 20] ¶ 7.)  Accordingly, the Court ruled that Carlos F. must be released from custody, consistent with Magistrate Judge Bullard's Order.  (March 4, 2026 Order at 11.)  The Court therefore denied without prejudice Carlos F.'s Petition and declined to issue sanctions against Respondents.  (*Id.* at 13.)

In the instant motion, the parties assert that on March 5, 2026, the U.S. Marshal's Service transferred Carlos F. to ICE's custody, and he remains detained in immigration custody in Texas.  (Jt. Mot. to Reconsider at 1.)  Thus, they seek reconsideration of the Court's March 4, 2026 Order for the purposes of addressing the merits of the Petition. (*Id.*)

## II.     DISCUSSION

A party may receive permission for reconsideration only by showing "compelling circumstances."  D. Minn. L.R. 7.1(j).  Motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence."  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).

The Court finds that compelling circumstances warrant granting the Joint Motion for Reconsideration.  The only reason the Court denied the Petition without prejudice and closed the case was based on Respondents' assurances that ICE would not detain Carlos F. upon his release from criminal custody.  Those assurances were utterly meaningless and

false, as Carlos F. was transferred to ICE custody immediately upon his release from criminal custody.

Once the Court is advised that ICE has returned Petitioner to Minnesota, it will address the Petition on the merits. The Court approves the parties' proposed briefing schedule, after which no further briefing on the merits of the Petition will be permitted.

### III. ORDER

In light of these changed circumstances, and based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. The Joint Motion to Reconsider [Doc. No. 26] is **GRANTED**, and this case shall be reopened.

2. Respondents may submit a response to the Petition no later than 5:00 p.m. on March 10, 2026. If Petitioner wishes to file a reply, he may do so no later than 10:00 p.m. on March 10, 2026.

3. Respondents are **ENJOINED** from moving petitioner outside of the United States until further order of the Court.

4. Respondents shall immediately **return Petitioner to Minnesota** so that he may have full access to his counsel, but no later than within 48 hours.

5. Respondents shall file confirmation of Petitioner's return immediately, but no later than within 48 hours of his return, and shall immediately notify his counsel, Nicholas Ratkowski (651-755-5150; nico@ratkowskilaw.com), of his return and the location of his detention.

6. Once the Court is advised of Petitioner's return, it will rule on the merits of Carlos F.'s Petition.

Dated: March 9, 2026 at 11:06 a.m.                    s/Susan Richard Nelson
                                                      SUSAN RICHARD NELSON
                                                      United States District Judge